UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF GEORGE ALLEN COWAN | Case No. 5:26-cv-05723-EJD<br><br>**ORDER GRANTING IN PART, DENYING IN PART *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: ECF No. 1 |

Before the Court is George Allen Cowan's ("Applicant") *ex parte* application for an order pursuant to 28 U.S.C. § 1782 to authorize discovery for use in a foreign proceeding. Application ("Appl."), ECF No. 1. Applicant brings this application individually and derivatively on behalf of Equis Special LP ("Special LP"). *Id.* at 5. Specifically, Applicant seeks discovery, or in the alternative, preservation of data, from Microsoft Corporation ("Microsoft," which includes "Skype") for use in active foreign proceedings (the "Civil Case") before the Grand Court of the Cayman Islands, Financial Services Division ("Tribunal"). *Id.* For the reasons stated below, the Application is GRANTED IN PART and DENIED IN PART.

## I.    BACKGROUND

Applicant was a Foundation Partner and Founding Partner of Special LP which acted through its general partner, Equis Special GP. *Id.* at 7. Equis Special GP and Special LP are both defendants in the foreign proceedings before the Tribunal. *Id.* at 5 n.1. The foreign proceedings concern "alleged misconduct in the management and operation of the Equis Group, a group of private-equity funds focused on renewable-energy projects in Asia." *Id.* at 6. In the foreign

Case No. 5:26-cv-05723-EJD
ORDER GRANTING IN PART AND DEN. IN PART § 1782 APPL.
1

proceedings, Applicant brings claims personally and derivatively on behalf of Special LP. *Id.* at 7. Among other claims, Applicant alleges that he was deprived of monies to which he was entitled because of the Cayman Defendants' conspiratorial conduct.[1]

Applicant alleges that the Skype data sought by this Application "concerns accounts used by the Individual Cayman Defendants whose communications are believed to be relevant" to the foreign proceeding. *Id.* at 8. Further, Applicant alleges that it is "known" that certain of the Cayman Defendants used Skype to communicate, but on May 11, 2026, Applicant learned that the Cayman Defendants had not preserved any of these data. *Id.* Applicant has been largely unsuccessful in obtaining confirmation from the Cayman Defendants that they would independently preserve their Skype data in light of Microsoft's retirement of Skype on June 15, 2026. *See id.* Microsoft has advised that users must request a copy of their Skype data by June 15, 2026, or else risk complete deletion of these data. Ex. H, ECF No. 1-8. To ensure that "potentially relevant evidence" is not permanently lost, Applicant now seeks production or preservation of all Skype data known to be associated with the Cayman Defendants. Appl. at 9.

## II.    LEGAL STANDARD

Title 28 United States Code § 1782(a) permits federal district courts to assist in gathering evidence for use in foreign proceedings. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). The statute specifically authorizes a district court to order a person residing or found within the district "to . . . produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). The statute may be invoked where: (1) the person from whom discovery is sought resides in the district in which the application is made; (2) the discovery sought is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or "any interested person."

---

[1] The Application defines the Cayman Defendants as: 1) Equis Special L.P., acting by its general partner Equis Special GP; (2) Equis Special GP, in its capacity as general partner of Equis Special L.P.; (3) David Charles Russell; (4) Adam Bernhard Ballin; (5) Lance Michael Comes; (6) Joseph Thomas Carmody; (7) Rajpal Singh Chaudhary; and (8) Tony Gibson. *See* Ex. A, Proposed Subpoena, ECF No. 1-1.

United States District Court
Northern District of California

*Intel Corp.*, 542 U.S. at 246; *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019).

In addition to the statutory requirements, the district court still retains "substantial discretion to permit or deny the requested discovery." *Khrapunov*, 931 F.3d at 926. In *Intel Corp.*, the Supreme Court identified a non-exhaustive list of factors to consider in ruling on a § 1782(a) application. *Intel Corp*, 542 U.S. at 264. These factors include: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government, court, or agency to U.S. federal-court judicial assistance; (3) whether the request conceals an attempt to circumvent proof-gathering restrictions or other policies of a foreign country or of the United States; and (4) whether the request is unduly burdensome or intrusive. *Id.* at 264–66.

## III.    DISCUSSION

### A.    Statutory Requirements

Applicant has satisfied the three statutory requirements of § 1782(a). First, the residence requirement is met because Microsoft maintains an office in this district. Appl. 11; Ex. F, ECF No. 1-6; *see, e.g.*, *Super Vitaminas, S. A.*, No. 17-mc-80125-SVK, 2017 WL 5571037, at *2 (N.D. Cal. Nov. 20, 2017) ("Microsoft is also 'found' in this district for purposes of § 1782 because it maintains two offices in this District."). A business is "found" in a judicial district where it has corporate offices. *Jinwoo Co. v. Google LLC*, No. 5:26-mc-80121-BLF, 2026 WL 1388703, at *2 (N.D. Cal. May 18, 2026). Second, the discovery is sought for use in foreign proceedings as Applicant is actively litigating *Cowan & Anor v. Equis Special L.P. & Ors*, Cause No. FSD 22 of 2018 in the Tribunal. Appl. 5, 12. Third, Applicant is an "interested person" in the foreign proceedings, as Applicant is the party bringing the Civil Case in the Tribunal. Appl. 12; *see Intel Corp.*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the interested persons who may invoke § 1782.") (quotation marks and alterations omitted).

Based on the foregoing, the Court finds that the Application satisfies the statutory requirements to warrant an order pursuant to § 1782.

Case No. 5:26-cv-05723-EJD
ORDER GRANTING IN PART AND DEN. IN PART § 1782 APPL.

**B.      Discretionary *Intel* Factors**

At this stage, the Court also finds that the discretionary *Intel* factors weigh in favor of granting Applicant's *ex parte* application in part.  However, the Court finds that the fourth factor weighs against Applicant's specific request for all Skype data.

**1.      Participation of Target in Foreign Proceeding**

The first discretionary *Intel* factor considers whether the discovery target is or will become a participant in the foreign proceeding.  The relevant inquiry is "whether the foreign tribunal has the authority to order an entity to produce the . . . evidence." *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1039 (N.D. Cal. 2016).

Here, Microsoft is not a party in the Tribunal proceedings, and therefore, the Applicant cannot obtain the Skype data through the Tribunal's ordinary processes.  Appl. 13; *see also* Ex. I, Decl. of N. Dunne ¶ 10, ECF No. 1-9 (the Grand Court's power to order a non-party to produce specific documents "does not extend where the non-party is located out of the jurisdiction").  In circumstances such as these, the "need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence." *In re Med. Corp. Takeuchi Dental Clinic*, No. 22-mc-80077-VKD, 2022 WL 1803373, at *3 (N.D. Cal. June 2, 2022), *report and recommendation adopted sub nom. Med. Corp. v. Google, LLC*, No. 22-mc-80077-HSG (N.D. Cal. July 22, 2022) (citing *Intel*, 542 U.S. at 264).  Accordingly, the first *Intel* factor weighs in favor of granting the Application.

**2.      Receptivity of Foreign Tribunal to U.S. Judicial Assistance**

The second *Intel* factor considers the receptivity of the foreign government, court, or agency to U.S. federal-court judicial assistance.  This factor also favors granting the Application.

To evaluate this factor, courts focus on the utility of the evidence sought and whether the foreign tribunal is likely to receive the evidence.  *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1040.  Where there is no evidence or case law suggesting that the Tribunal would be unreceptive to the discovery sought, courts tend to "err on the side of permitting discovery." *In re Varian*, 2016 WL

Case No. 5:26-cv-05723-EJD
ORDER GRANTING IN PART AND DEN. IN PART § 1782 APPL.
4

United States District Court
Northern District of California

1161568, at *4. Additionally, this factor supports authorizing discovery where the applicant "offers at least some evidence and caselaw to support its view that [the foreign] courts are generally receptive to evidence obtained in the United States under § 1782." *Laggner v. Parsa*, No. 3:22-mc-80328-WHO, 2023 WL 163579, at *3 (N.D. Cal. Jan. 11, 2023) (citation omitted).

Here, the Court is unaware of any evidence that the Tribunal would reject evidence obtained via § 1782. Rather, Mr. Dunne, a Partner employed by Walker (Cayman) LLP, who has practiced in the Cayman Islands for nearly two decades, states that "the Grand Court is receptive to the use of section 1782 applications to obtain discovery for use in Cayman proceedings." Decl. of N. Dunne ¶ 11. Further, Mr. Dunne identifies two Cayman Island proceedings in which the courts affirmed the legitimacy of the § 1782 process. *Id.* ¶¶ 11–13. Accordingly, the second *Intel* factor weighs in favor of granting the Application.

### 3.    Circumvention of Proof-Gathering Restrictions

The third *Intel* factor considers whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel Corp.*, 542 U.S. at 264–65. This factor also weighs in favor of granting the Application. "Courts have found that this factor weighs in favor of discovery where there is 'nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions.'" *Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 899 (N.D. Cal. 2021) (alteration in original) (quoting *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014)).

Here, Applicant "is not aware of any restrictions under Cayman Islands law that would prevent him from gathering information about the Cayman Defendants' communications relevant to the issues material to his claims," or of any reason that Cayman Islands law would bar the preservation of the Skype data pending any ruling that the Tribunal makes regarding discovery. Appl. 14; *see also* Decl. of N. Dunne ¶ 11 ("There is no prohibition under Cayman Islands law against the collection of documents that the Plaintiffs are seeking in the 1782 Application[.]"). Given that there is nothing to suggest that the Applicant is attempting to circumvent foreign proof-gathering restrictions, the third *Intel* factor weighs in favor of granting the Application.

Case No. 5:26-cv-05723-EJD
ORDER GRANTING IN PART AND DEN. IN PART § 1782 APPL.

United States District Court
Northern District of California

### 4. Unduly Intrusive or Burdensome

The fourth and final *Intel* factor is whether the discovery requested is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. Courts have found that requests are unduly intrusive and burdensome "where they are not narrowly tailored" and "appear to be a broad 'fishing expedition' for irrelevant information." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1043.

Here, Applicant states that he seeks preservation "only of the same Skype data sought by the proposed subpoena." Appl. 14. But the proposed subpoena seeks "all documents regarding all Skype data known to be associated with the Cayman Defendants." Proposed Subpoena 6. This could include, "without limitation, e-mails, text messages instan[t] messages, correspondence, memoranda," and so on. *Id.* at 5. At another point, however, the Applicant seems to somewhat narrow his request, asking to preserve "categories of data relevant to the Foreign Proceeding— messages, shared files, and call records." Appl. 14.

The Court finds this request unclear at best—and potentially unduly intrusive. Courts have limited other, similar requests seeking "all documents" relating to Google accounts. *See In re Plan. & Dev. of Educ., Inc.*, No. 21-MC-80242-JCS, 2022 WL 228307, at *6 (N.D. Cal. Jan. 26, 2022) (allowing an applicant to serve a subpoena on Google for documents "sufficient to identify all names and contact information," rather than "all documents"). Applicant has not shown how this request is narrowly tailored to the subject matter of its action.

Therefore, the Court finds that the fourth *Intel* factor favors denying Applicant's request for "all documents regarding all Skype data known to be associated with the Cayman Defendants." Proposed Subpoena at 6.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court finds that Applicant's § 1782 Application satisfies the statutory requirements. The Court does not find, however, that the Application as written satisfies the discretionary *Intel* factors. The Applicant's request for all "Skype data known to be associated with the Cayman Defendants" is not narrowly tailored as currently written.

Given that Microsoft plans to delete all Skype data in connection with the platform's

Case No. 5:26-cv-05723-EJD
ORDER GRANTING IN PART AND DEN. IN PART § 1782 APPL.

United States District Court
Northern District of California

retirement, the Court ORDERS that:

     1.     Microsoft preserve the Skype data known to be associated with the Cayman Defendants, including David Charles Russel (Skype ID: david.russell201); Adam Bernhard Ballin (Skype ID: adamballin); Lance Michael Comes (Skype ID: lance.comes); Josh Thomas Carmody (Skype ID: josh.carmody1): Rajpal Singh Chaudhary (unknown Skype ID); Tony Gibson (unknown Skype ID).

     2.     Applicant shall SERVE a copy of this Order on Microsoft; and

     3.     By no later than 11:59 PM on June 17, 2026, Applicant shall FILE an amended subpoena with this Court, appropriately tailored such that it is not unduly burdensome or intrusive.

**IT IS SO ORDERED.**

Dated: June 15, 2026

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California

Case No. 5:26-cv-05723-EJD
ORDER GRANTING IN PART AND DEN. IN PART § 1782 APPL.
7